UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

NATIONWIDE ANESTHESIA SERVICES,
INC.,

    Plaintiff,

v.                                      CASE NO: 8:06-cv-815-T-23EAJ

JUAN M. DIAZ, et al.,

    Defendants.
_____/

**ORDER**

On December 5, 2005, Nationwide Anesthesia Services ("the plaintiff") sued Juan M. Diaz ("Diaz") and U.S. Anesthesia, Inc., ("USAI") in state court for breach of contract and misappropriation of trade secrets. On April 17, 2006, the plaintiff amended its state-court complaint (Doc. 2) to add defendants Kelly Atkinson ("Atkinson") and KLMD, LLC, ("KLMD"). Asserting diversity jurisdiction under 28 U.S.C. § 1332(a), Atkinson removed (Doc. 1) this action on May 2, 2006, within thirty days of service. The plaintiff moves to remand and argues, *inter alia*, that Atkinson's removal is defective because the first-named defendants (Diaz and USAI) waived removal by failing to remove within thirty days of service (Doc. 10-1 at 13).

Pursuant to 28 U.S.C. § 1446(b), notice of removal must be filed "within thirty days after receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based

. . . ." In a case with multiple defendants, every defendant must consent to removal. Russell Corp. v. Am. Home Assur. Co., 264 F.3d 1040, 1049 (11th Cir. 2001) ("The unanimity requirement mandates that in cases involving multiple defendants, all defendants must consent to removal."). The Eleventh Circuit has yet to determine whether a later-named defendant may properly remove a case after the first-named defendant failed to remove within thirty days.[1] Although courts disagree, most hold that "'if the first served defendant abstains from seeking removal or does not effect a timely removal, subsequently served defendants cannot remove . . . due to the rule of unanimity among defendants which is required for removal.'" Brown v. Demco, Inc., 792 F.2d 478, 481 (5th Cir. 1986)(citing 1A JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE ¶ 0.168 [3.5-5], at 586-87 (2d ed. 1985)). See McKinney v. Board of Trustees of Maryland Comm. College, 955 F.2d 924, 926 n.3 (4th Cir. 1992). Several district courts in this circuit have adopted this approach. See, e.g., Adams v. Charter Comm. VII, LLC, 356 F.Supp. 2d 1268, 1273 (M.D. Ala. 2005); Smith v. The Health Center of Lake City, Inc., 252 F.Supp. 2d 1336, 1341-46 (M.D. Fla. 2003); Faulk v. Superior Indus. Int'l, Inc., 851 F.Supp. 457, 458 (M.D. Fla. 1994); Noble v. Bradford Marine, Inc., 789 F.Supp 395, 397 (S.D. Fla. 1992)("The addition of a new Defendant in an Amended Complaint . . . does not start the time for removal anew when the original complaint itself was removable.")

---

[1] Because an order remanding a case under 28 U.S.C. § 1447(c) is not reviewable on appeal, circuit courts rarely address procedural defects in removal. See In re Ocean Marine Mut. Prot. and Indem. Ass'n., Ltd., 3 F.3d 353, 355 (11th Cir. 1993) (holding that "a remand order based on a timely § 1447(c) motion to remand for defects in removal procedure is unreviewable pursuant to § 1447(d)").

Atkinson removed this case nearly five months after service of defendants Diaz and USAI.  For diversity of citizenship purposes, all four defendants are citizens of Georgia and the plaintiff (allegedly) is a citizen of Florida.[2]  Rather than file a notice of removal within thirty days, the first-named defendants (Diaz and USAI) willingly proceeded in state court, deposed the plaintiff's president, answered interrogatories, requested document production, and moved to compel discovery and to dismiss the plaintiff's original complaint (Doc. 10-2).  Because the plaintiff's original complaint contained the same jurisdictional allegations as its amended complaint, Diaz and USAI may not consent to removal.[3]  This conclusion "follows logically from the unanimity requirement, the thirty-day time limit, and the fact that a defendant may waive removal by proceeding in state court."  Brown, 792 F.2d at 482.  The Eleventh Circuit has urged district courts to heed the "bright line limitations on federal removal jurisdiction" as "an inevitable feature of a court system of limited jurisdiction that strictly construes the right to remove."  Russell Corp. v. Am. Home Assur. Co., 264 F.3d 1040, 1050 (11th Cir. 2001).

---

[2] The parties dispute whether the plaintiff is a citizen of Florida or Georgia.  Of course, if the plaintiff is a citizen of Georgia, no federal subject matter jurisdiction exists because complete diversity among the parties is lacking (regardless of the procedural propriety of Atkinson's removal).  However, because Diaz and USAI failed to remove within thirty days, the court need not resolve the dispute over the plaintiff's true citizenship.

[3] All four defendants are closely connected.  As a corporate officer, Diaz owns 99% of KLMD.  Atkinson and Diaz each own 40% of USAI, and Atkinson was deposed in state court as the corporate representative of USAI. Further, the Aye Law Firm represents both Diaz (a first-named defendant) and KLMD (a later-named defendant).  Similarly, Thompson, Sizemore, & Gonzalez represents both USAI (a first-named defendant) and Atkinson (the removing defendant).

Accordingly, the plaintiff's Motion to Remand (Doc. 10) is **GRANTED** and this action is **REMANDED**. The plaintiff's request for attorney fees incurred from its motion to remand is **DENIED**. See Smith, 252 F. Supp. at 1346 ("Given that there is no Eleventh Circuit precedent on point and the different conclusions reached by various courts concerning when the thirty day period for removal begins in this situation, the Court declines to award fees and costs.")  The Clerk is directed to (1) mail a certified copy of this order, pursuant to 28 U.S.C. § 1447(c), to the Clerk of the Circuit Court for Hillsborough County, (2) terminate any pending motion, and (3) close the case.

ORDERED in Tampa, Florida, on June 26, 2006.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE